## FISCHER *v.* HAYES.

*(Circuit Court, S. D. New York. 1884.)*

PATENTS FOR INVENTIONS—INFRINGEMENT OF ONE CLAIM ONLY—PROFITS—EVIDENCE.

Where it is shown that an infringer has infringed one of several claims in a patent only, in estimating the profits it is not admissible to prove that the patent, as an entirety, was capable of producing greater profits than other inventions in use.

In Equity.

SHIPMAN, J. The defendant was adjudged to have infringed the fourth claim of the plaintiff's patent. An accounting was decreed, and a reference to a master, to take and state the account, was ordered. The invention is described in *Fischer* v. *Wilson*, 16 Blatchf. 220. In taking the account the plaintiff is now attempting to prove that the Fischer patented machine, as an entirety, was capable of forming or bending a greater number of feet of sheet-metal moulding, in a given time, than the other machines known to the art, and free to the defendant to use for accomplishing the same purpose, the object of the proof being to show the profit derived by the defendant by his infringement. The defendant has excepted to these interrogatories and answers upon this point, and the question as to the proper course to be pursued has been certified to me by the master for decision. The fourth claim is as follows: "Arranging the female die, G, above the male die, 'E, for the purpose of keeping the female die clear, as set forth," and is apparently solely for the special arrangement of the dies with relation to each other. As a matter of course, the female die is to be moved by some suitable, though not necessarily patented, device. The question for the master to settle is the advantage which the defendant derived from the use of that part of the patented invention which was infringed over what he had in using other machines then open to the public, and this accounting must be confined to an account of the profits received by the defendant as a direct result of the use of that part of the invention which was infringed, and which is specified in the decree. *Mowry* v. *Whitney*, 14 Wall. 620; *Littlefield* v. *Perry*, 21 Wall. 205.

It will not be proper for the master to infer, because a certain amount of advantage can be derived from the use of the patented machine, as an entirety, that, therefore, the amount of profit was enjoyed by the defendant from the infringement of the feature of the machine specified in the fourth claim. It is the distinctive advantage which was gained by the use of the arrangement of the female die, G, above the male die, E or F, which is to be recovered by the plaintiff, and which must be affirmatively shown by the evidence which he introduces. *Schillinger* v. *Gunther*, 15 Blatchf. 303. But if, in addition to showing the amount of advantage gained by the

use of the patented invention as an entirety, the plaintiff also purposes to show by affirmative and satisfactory proof that the entire advantage is properly and legally attributable to the patent specified in the fourth claim, in connection with some suitable device for moving the dies, and proposes to show the proportion which belongs to these features, then the evidence already introduced is admissible. And he need not be confined to showing that the advantages from the use of the fourth claim were those derived from the self-cleaning function therein mentioned, but if the patented portions of the two dies, with reference to each other, produced any other advantage which is capable of pecuniary estimate, he can show the profit resulting from that advantage.

It is to be inferred from the decree that the defendant has infringed the fourth claim only, and has not infringed by using the feature specified in that claim in connection with any other patented part of the machine. If, however, the use of the fourth claim, in connection with the necessary unpatented appliances for moving the dies, necessarily and directly produces a gain over other devices for bending metal, then open to the public, in amount or quality of work, which can be pecuniarily estimated, it is competent for the plaintiff, by affirmative evidence, to show that fact; but if the plaintiff does not propose to supplement his evidence in regard to the advantage by the use of the patented machine as an entirety, by affirmative evidence tending to show that either the whole profit or a proportionate part was due to the presence of the feature of the machine mentioned in the fourth claim, then the testimony already offered will not be of avail.